IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**RAMON THOMAS,**
**Defendant.**                                                                **No. 10 - CR - 30063 DRH**
                                                                                         **No. 10 - CR - 30210 DRH**

### ORDER

**HERNDON, Chief Judge:**

Defendant Ramon Thomas has entered a plea of guilty in case no. 3:10-cr-30063 to four counterfeiting charges under **18 U.S.C. §§ 471**, **2 & 472**. A sentencing hearing is currently scheduled for February 18, 2011. However, Defendant's counsel has filed a Motion to Determine Mental Competency (Doc. 37) pursuant to **18 U.S.C. § 4241(a)–(c)**. Related to the counterfeiting case, Defendant has also been charged with failure to appear, in case no. 3:10-cr-30210, and has a jury trial scheduled for February 28, 2011. Thus Defendant has filed the same Motion to Determine Mental Competency there (Doc. 19). Defendant is currently held in custody in the Alton City Jail.

In the Motion, Defendant's counsel states that Defendant's mental state is deteriorating. He has a history of mild mental retardation and was a recipient of

Social Security Disability Benefits (Doc. 37, ¶3). He claims he does not understand the charges against him, and that he was drugged and robbed at gunpoint while on escape status (*Id.* at ¶ 3). Defendant's counsel further states that he has met with Defendant three times in the past week, and an Investigator from the Federal Public Defender's Office also met with him, yet Defendant still claims he does not understand the procedures involved in the pending criminal cases (*Id.* at ¶ 4). Consequently, counsel is concerned that Defendant may be suffering from a mental disease rendering him mentally incompetent so that he is unable to adequately understand the nature and consequences of the proceedings against him or to properly assist in his defense (*Id.* at ¶ 5).

Defendant's counsel asks the Court to enter an order transferring Defendant from the Alton City Jail to a Bureau of Prisons facility to have an evaluation conducted by a qualified psychiatrist or psychologist. In the alternative, counsel suggests he and the Government may be able to agree on a psychiatrist or psychologist in this District, who could then evaluate Defendant at the Alton City Jail, at the expense of the Federal Public Defender for the Southern District of Illinois.

Because the Court finds reasonable cause to believe Defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court hereby **GRANTS** Defendant's Motion to Determine Mental Competency in case no. 3:10-cr-30063 (Doc. 37) and in case no. 3:10-cr-30210 (Doc. 19). Pursuant to **18 U.S.C. §§ 4241 &**

**4247**, the Court hereby **ORDERS** as follows:

A psychiatric or psychological examination of Defendant shall be conducted by a qualified psychiatrist or psychologist, to be agreed upon by the parties, at the Alton City Jail, at the expense of the Federal Public Defender for the Southern District of Illinois. The psychiatrist or psychologist shall conduct the examination of Defendant pursuant to **18 U.S.C. § 4247(b) & (c)**. **The examination shall be completed within 30 days unless an extension of this time is granted by the Court.** Defendant's counsel shall file the psychiatric or psychological report **UNDER SEAL** with this Court. In accordance with **18 U.S.C. § 4247(c)**, the report shall include:

1. The Defendant's history and present symptoms;

2. A description of the psychiatric/psychological and medical tests that were employed and their results; and

3. The examiner's findings (including the examiner's opinions as to diagnosis and prognosis) as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Upon receipt of this report, the Court will then set a competency hearing in accordance with **18 U.S.C. § 4241(c)**.

Furthermore, Defendant's **JURY TRIAL** in case no. 3:10-cr-30210 is hereby continued from its current setting of February 28, 2011, to **April 25, 2011, at 9:00 a.m**. Under **18 U.S.C. § 3161(h)(1)(A)**, any period of delay resulting from examinations to determine a defendant's mental competency is considered

excludable time under the Speedy Trial Act. Therefore the time from the date of this Order until the new trial date, April 25, 2011, is excludable time for the purposes of the Speedy Trial Act.

**IT IS SO ORDERED.**

Signed this 17th day of February, 2011.

David R. Herndon
2011.02.17
15:33:46 -06'00'

**Chief Judge**
**United States District Court**